IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.** | * | |
| Plaintiff | * | |
| v. | * | Case No.: RWT 09cv3118 |
| **L&J GROUP, LLC,** *et al.,* | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff J&J Sports Productions, Inc. alleges that Defendant L&J Group, LLC, t/a My Place Sports Bar & Grill, and Defendants Gilbert E. Lunsford, Rhonda M. Lunsford, Odell R. Johnson, and Evalyn Y. Johnson, individually and as trustees for the surviving assets of L&J Group Holdings, LLC, published, divulged, and exhibited on November 23, 2007 *"The Brawl": Fernando Vargas v. Ricardo Mayorga, WBC Continental Americas Super Middleweight Championship Fight Program* (the "Program") in violation of 47 U.S.C. §§ 553 and 605, and that Defendants tortuously obtained possession of the Program and wrongfully converted it to their own use and benefit. *See* Compl. ¶¶ 8-25.

Defendants have filed a Motion to Dismiss (Paper No. 9), arguing that the complaint fails to state a claim against Mr. Lunsford, Ms. Lunsford, Mr. Johnson, and Ms. Johnson in their individual capacities. *See* Defs.' Mot. to Dismiss at 2. Defendants assert, without citing any authority, that civil liability under 47 U.S.C. §§ 553 and 605 require "either a direct violation of assisting another person in connection with a violation." *Id.* Defendants argue that the Complaint does not allege any facts to support personal liability of the Lunsfords or Johnsons. *See id.*

**STANDARD OF REVIEW**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**ANALYSIS**

Section 553 states that no person shall "intercept or receive or assist in intercepting or receiving any communications service offered over a cable system." 47 U.S.C. § 553. Similarly, § 605 prohibits anyone from receiving or assisting in receiving certain communications without authorization. *See* 47 U.S.C. § 605.

Courts have held that individual liability for violations of §§ 553 and 605 may arise under certain circumstances. *See, e.g.*, *Comcast of Ilinois X v. Multi-Vision Elecs., Inc.*, 491 F.3d 938, 947 (8th Cir. 2007) (finding individual liability where there is "no distinction" between the actions of the individual and the company); *J&J Sports Prods., Inc. v. Ribeirao*, 562 F. Supp.2d 498, 501 (S.D.N.Y. 2008) ("To hold Ribeiro vicariously liable in her individual capacity under § 605, J&J Sports must show that Ribeiro had a right and ability to supervise the violations, and that she had a strong financial interest in such activities." (quotation marks and citation omitted)); *Don King Prods. v. Panaderia y Reposteria La Milagrosa*, 553 F. Supp. 2d 97, 100 (D.P.R. 2008) ("[A]n individual in his personal capacity may be found liable under 47 U.S.C. § 553 . . . [but] there must be some factual allegation that an individual acting in his personal

2

capacity violated the statute."); *see also J&J Sports Prods. v. Torres*, No. 6:09-cv-391-Orl-19DAB, 2009 U.S. Dist. LEXIS 52182, at *6-12 (M.D. Fla. June 21, 2009) (finding that the complaint did not allege sufficient factual basis to infer that the individual defendant was directly responsible for intercepting and de-scrambling the program or that he had a direct financial interest from the exploitation of the program). *Cf. DIRECTV, Inc. v. Ferri*, No. 5:08cv122, 2009 U.S. Dist. LEXIS 116368, at *1-13 (W.D.N.C. Nov. 24, 2009) (awarding default judgment against defendant owner, individually, and defendant bar for violation of 47 U.S.C. § 605); *Joe Hand Promotions, Inc. v. Ninan*, No. 6:09-CV-772-HMH, 2009 U.S. Dist. LEXIS 55295, at *1-2 (D.S.C. June 25, 2009) (same).

Here, the complaint states that "Plaintiff is informed and believes" that the Lunsfords and Johnsons are the "principals and co-owners of the license with Defendant corporation, L&J Group, LLC t/a My Place Sports Bar & Grill, officer director, shareholder, employee, agent, and/or other representative of L&J Group, LLC t/a My Place Sports Bar & Grill."  Compl. ¶ 7. The complaint further asserts that:

> With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named Defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the address of their respective establishments, as indicated above.  Said unauthorized interception, publication, exhibition and divulgence by each of the Defendants were done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

Compl. ¶ 12.

The Court finds that the complaint – although admittedly formulaic – states a claim to relief against each of the individual Defendants that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949.  Plaintiffs allege that the individual Defendants are principals and co-owners of the license, *see* Compl. ¶ 7, and that they directly unlawfully intercepted and exhibited the Program,

or assisted in such activities, for commercial advantage or financial gain, *see id.* ¶ 12. Such allegations are sufficient to survive Defendants' Motion to Dismiss.[1]

      A separate Order follows.


March 4, 2010                                  /s/
Date                                           Roger W. Titus
                                                United States District Judge

---

[1] Of course, the individual Defendants may, upon a motion for summary judgment or at trial, demonstrate that they are not personally liable because they did not directly violate or assist another person in violating 47 U.S.C. §§ 553 and 605.